1   CHRISTOPHER J. STESKAL  (CSB NO. 212297)
    csteskal@fenwick.com
2   ILANA S. RUBEL (CSB NO. 221517)
    irubel@fenwick.com
3   FENWICK & WEST LLP
    555 California Street, 12th Floor
4   San Francisco, CA  94104
    Telephone:     (415) 875-2300
5   Facsimile:     (415) 281-1350

6   JAY L. POMERANTZ (CSB NO. 209869)
    jpomerantz@fenwick.com
7   Silicon Valley Center
    801 California Street
8   Mountain View, California 94041
    Phone: 650.988.8500
9   Fax: 650.938.5200

10  Attorneys for Defendants ZISEN YU, MING SIU
    and Relief Defendants ACCELERATION CAPITAL PARTNERS,
11  SYLVIA TSUI, DOI PING SIU, YUEN-LAI MA AND LEUNG-KEE SIU

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  SECURITIES AND EXCHANGE              Case No.:  CV-09-5146-JCS
    COMMISSION,

16                                       **NOTICE OF MOTION AND
                   Plaintiff,            MOTION TO WITHDRAW AS**
17          v.                           **COUNSEL FOR DEFENDANT
                                         ZISEN YUAND RELIEF**
18  KING CHUEN TANG a/k/a CHEN TANG,     **DEFENDANT ACCELERATION**
    RONALD YEE, ZISEN YU, JOSEPH SETO,   **CAPITAL PARTNERS**
19  MING SIU, KING S. TANG a/k/a JAMES K.
    TANG, and YING KIT YU a/k/a EDDIE YU, Date: Friday, January 7, 2011
20                                        Time: 9:30 am
                   Defendants,           Courtroom: A
21  and                                  Judge:  Honorable Joseph C. Spero

22  VENTURE ASSOCIATES FUND I, TANG
    CAPITAL PARTNERS, ACCELERATION
23  CAPITAL PARTNERS, AMERICAN PEGASUS
    LONG SHORT FUND SEGREGATED
24  PORTFOLIO, PING LEE TANG, KA LING LEE,
    YIN LEE KA, CHEUNG-TING KA, SYLVIA
25  TSUI, DOI PING SIU, YUEN-LAI MA, LEUNG-
    KEE SIU, ROSALIE CHO, and MINOR CHILD I
26  and MINOR CHILD II, minor children of
    Defendant King Chuen Tank a/k/a Chen Tang,
27
                   Relief Defendants.
28

NOT. OF MOT. AND MOT. TO WITHDRAW                           CASE NO. 09 5146 JCS
AS COUNSEL FOR DEFENDANT ZISEN YU

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on January 7, 2011 at 9:30 a.m., or as soon thereafter as counsel may be heard, the undersigned will appear in Courtroom A, 15th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, CA 94102, and will, and hereby does, move the Court for an order relieving Fenwick & West LLP as counsel for defendant Zisen Yu and relief defendant Acceleration Capital Partners in the above-captioned action.

This motion is based on this Notice of Motion and Motion and Memorandum of Points and Authorities in support thereof, and such argument of counsel as the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to Civil Local Rule 11-5 and California Rules of Professional Conduct 3-310 and 3-370, Fenwick and West LLP ("Fenwick" or "the Firm") hereby moves this Court for an order relieving it as counsel for defendant Zisen Yu ("Yu") and relief defendant Acceleration Capital Partners ("ACP") in the above-captioned action (the "Civil Action"). The Firm brings this motion in order to avoid a conflict of interest in the Civil Action between its representation of defendant Yu and relief defendant ACP on one hand and defendant Ming Siu and relief defendants Sylvia Tsui, Doi Ping Siu, Yuen-Lai Ma, Leung-Kee Siu on the other hand.

### II.    FACTUAL BACKGROUND

The Civil Action involves allegations that the defendants engaged in insider trading. The relief defendants, comprising the defendants' investment funds and family members, are alleged to have received proceeds from the defendants' alleged insider trading. At present, the Firm jointly represents Yu and ACP (an investment fund of which Yu is the general partner) (collectively, the "Yu Defendants") and Ming Siu, Sylvia Tsui, Doi Ping Siu, Yuen-Lai Ma and

NOT. OF MOT. AND MOT. TO WITHDRAW
AS COUNSEL FOR DEFENDANT ZISEN YU

1

CASE NO. 09 5146 JCS

1  Leung-Kee Siu (Ming Siu's wife, sister and parents, respectively) (collectively, the "Siu

2  Defendants") in the Civil Action.

3        On February 2, 2010, the Department of Justice ("DOJ") filed an Information in this Court

4  captioned *United States v. Tang*, 3:10-cr-00080-J, charging defendant Chen Tang with insider

5

6  trading and conspiracy (the "Criminal Action").  On April 16, 2010, this Court entered a Plea

7  Agreement between Chen Tang and the DOJ.  Since February, 2010, the Civil Action and the

8  Criminal Action have proceeded in parallel.  Chen Tang is currently scheduled to be sentenced in

9  the Criminal Action on December 16, 2010, before Judge Jeffrey S. White.

10       Yu has retained the legal services of Ismail Ramsey ("Ramsey") of Ramsey & Ehrlich

11 LLP to represent him in the Criminal Action.  Based on the Firm's conversations with Ramsey,

12

13 the Firm believes that there is a present conflict of interest between the Yu Defendants and the

14 Siu Defendants and the Firm can no longer represent them both in the Civil Action.  Ramsey has

15 also informed the Firm that he is not prepared to assume representation of the Yu Defendants in

16 the Civil Action as of the filing of this motion.

17 **III.    ARGUMENT**

18      **A.    The Court Has Authority to Relieve Counsel of Representation**

19       An attorney must seek leave of the court to withdraw as counsel.  Civil Local Rule 11-

20 5(a).  The decision to grant or deny a motion to withdraw is within the discretion of the trial court.

21

22 *Le Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).  California Rule of Professional

23 Conduct 3-700(b)(2) states that an attorney must withdraw if the attorney "knows or should know

24 that continued employment will result in violation of these rules or of the State Bar Act."  One of

25 the ways in which an attorney violates the State Bar Act is by the "continue[d] representation of

26 more than one client in a matter in which the interests of the clients actually conflict." Cal. Rule

27 of Prof. Conduct 3-310(c)(2).  Accordingly, an attorney whose continued representation of more

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOT. OF MOT. AND MOT. TO WITHDRAW
AS COUNSEL FOR DEFENDANT ZISEN YU

2

CASE NO. 09 5146 JCS

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   than one client would result in representing conflicting interests must withdraw.

2

3   **B.     The Firm Must Withdraw as Counsel in Light of the Conflicting Interests of the Yu Defendants and the Siu Defendants**

4       As previously mentioned, based on conversations with Ramsey, Yu's attorney in the

5   Criminal Action, the Firm believes that there is a present conflict in the Civil Action between its

6   representation of the Yu Defendants and its representation of the Siu Defendants.[1]  Withdrawal

7   under these circumstances is mandatory, pursuant to Cal. Rule of Prof. Conduct 3-700(b)(2).  The

8   Firm intends to continue to represent the Siu Defendants in the Civil Action following its

9   withdrawal as counsel for the Yu Defendants.

10  **IV.    CONCLUSION**

11      For the reasons stated above, the Firm respectfully requests that the Court grant the Firm's

12  Motion to Withdraw as Counsel for the Yu Defendants in the Civil Action.

13

14  Dated: November 29, 2010            FENWICK & WEST LLP

15                                      By:      /s/ *Ilana S. Rubel*
                                                 Ilana S. Rubel
16

17                                      Attorneys for Defendants Zisen Yu, Ming Siu and
                                        Relief Defendants Acceleration Capital Partners,
18                                      Sylvia Tsui, Doi Ping Siu, Yuen-Lai Ma and Leung-
                                        Kee Siu
19

20

21

22

23

24

25

26

27

28  _____
    [1] At the Court's request, the Firm is available to discuss the relevant facts *in camera* to avoid disclosing the parties' confidential information.